IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JANE DOE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| JAMAL ALHAKARI | ) | JURY TRIAL DEMANDED |
| Serve: 445 S. Dobson Rd. | ) | |
|     Apartment 2003 | ) | |
|     Mesa, AZ 85202 | ) | |
| | ) | |
| BURTON TRANSIT NASHVILLE, LLC | ) | |
| Serve: Nelson Burton, Jr. | ) | |
|     39 E. Blue Ridge Ct. | ) | |
|     New Orleans, LA 70128 | ) | |
| | ) | |
| BURTON TRANSIT, LLC | ) | |
| Serve: Ashley Burton | ) | |
|     39 E. Blue Ridge Ct. | ) | |
|     New Orleans, LA 70128 | ) | |
| | ) | |
| NELSON BURTON, Jr. | ) | |
| Serve: 39 E. Blue Ridge Ct. | ) | |
|     New Orleans, LA 70128 | ) | |
| | ) | |
| ASHLEY BURTON | ) | |
| Serve: 39 E. Blue Ridge Ct. | ) | |
|     New Orleans, LA 70128 | ) | |
| | ) | |
|     Defendants. | ) | |

**COMPLAINT**

COMES NOW Plaintiff Jane Doe, by and through her undersigned counsel, and for her causes of action against Defendants Jamal Alhakari, Burton Transit Nashville, LLC, Burton Transit, LLC, Nelson Burton, Jr., and Ashley Burton, states and alleges as follows:

1

## Parties, Jurisdiction, and Venue

1. Plaintiff Jane Doe is a natural person who is not domiciled in Tennessee, Louisiana, or Arizona.[1]

2. Defendant Jamal Alhakari is a natural person who was last known to be residing in Maricopa County, Arizona. He may be served with process at his last known address, 445 S. Dobson Rd. Apt. 2003, Mesa, AZ 85202.

3. Defendant Burton Transit, LLC ("Burton Transit") is a limited liability company organized under the laws of Louisiana with its principal place of business in New Orleans, Louisiana.

4. Defendant Burton Transit can be served via its registered agent, Ashley Burton, at 39 E. Blue Ridge Court, New Orleans, Louisiana, 70128.

5. Defendant Burton Transit Nashville, LLC ("Burton Transit Nashville"), is a limited liability company organized under the laws of Tennessee with its principal place of business in Nashville, Tennessee.

6. Defendant Burton Transit Nashville was administratively dissolved on August 8, 2023 for failure to file an annual report. Upon information and belief, it failed to provide notice of dissolution as required by Tenn. Code Ann. § 48-249-611(c).

7. Defendant Burton Transit Nashville can be served via its last known registered agent, Nelson Burton, Jr., at 39 E. Blue Ridge Court, New Orleans, Louisiana, 70128 or wherever else he may be found.

---

[1] As explained in her contemporaneously-filed Motion to File Under Pseudonym, Plaintiff wishes to keep her location confidential out of fear that Defendant Alhakari may attempt to track her down.

8. Defendant Nelson Burton, Jr., is a natural person residing in Orleans Parish, Louisiana. He may be served with process at 39 E. Blue Ridge Court, New Orleans, Louisiana, 70128.

9. Upon information and belief, Defendant Nelson Burton, Jr., is one of two members of Defendant Burton Transit Nashville.

10. Defendant Ashley Burton is a natural person residing in Orleans Parish, Louisiana. She may be served with process at 39 E. Blue Ridge Court, New Orleans, Louisiana, 70128.

11. Upon information and belief, Defendant Ashley Burton is the second member of Defendant Burton Transit Nashville.

12. This Court may properly exercise general personal jurisdiction over Defendant Burton Transit Nashville in that it is at home in Tennessee.

13. This Court may properly exercise specific personal jurisdiction over Defendant Burton Transit pursuant to Tenn. Code Ann. § 20-2-223(a) in that it transacted business in this state, contracted to supply services or things in this state, operated or caused a motor vehicle to be operated in this state, caused a tortious injury in this state, derives substantial revenue from services rendered in this state, and for other reasons that may be learned throughout the course of discovery.

14. This Court may properly exercise specific personal jurisdiction over Nelson Burton and Ashley Burton pursuant to Tenn. Code Ann. § 20-223(a) in that they transacted business in this state, contracted to supply services or things in this state, caused a tortious injury in this state, derives substantial revenue from services rendered in this state, and for other reasons that may be learned throughout the course of discovery. Specific personal jurisdiction over Defendants Nelson Burton and Ashley Burton is moreover appropriate pursuant to Tenn. Code Ann. § 20-223(a)(7)

in that Plaintiff's claims arise from their conduct as a director or officer of a domestic corporation or the conduct of a domestic corporation while they held office as a director or officer.

15. This Court may properly exercise specific personal jurisdiction over Defendant Alhakari pursuant to Tenn. Code Ann. § 20-2-223(a) in that he transacted business in this state and caused a tortious injury in this state. Through his actions, Defendant Alhakari can reasonably anticipate being haled into a Tennessee court and have consented to the personal jurisdiction of this Court.

16. Venue in this district is proper pursuant to 28 USC § 1391(b)(2) in that a substantial part of the events giving rise to Plaintiff's claims occurred here.

17. Subject matter jurisdiction is proper pursuant to 28 USC § 1332(a) in that:

  a. There is complete diversity of citizenship between the parties:

   i. Upon information and belief, Defendants Nelson Burton and Ashley Burton are domiciliaries of Louisiana;

   ii. Upon information and belief, Defendant Alhakari is a domiciliary of Arizona;

   iii. Defendant Burton Transit is a limited liability company. Upon information and belief, its members (Defendants Nelson Burton and Ashley Burton) are domiciliaries of Louisiana. Defendant Burton Transit is therefore a citizen of Louisiana;

   iv. Defendant Burton Transit Nashville is a limited liability company. Upon information and belief, its members (Defendants Nelson Burton and Ashley Burton) are domiciliaries of Louisiana. Defendant Burton Transit Nashville is therefore a citizen of Louisiana.

v. At the time of filing, Plaintiff is not a domiciliary of Louisiana or Arizona.

b. The amount in controversy exceeds $75,000.

## Allegations Applicable to More Than One Count

18. On or about October 22, 2023, Plaintiff attempted to hail a car via a ride-share service while leaving an establishment in Nashville, Tennessee.

19. Defendant Alhakari arrived and told Plaintiff he was her driver.

20. After Plaintiff got in the vehicle, Defendant Alhakari drugged and sexually assaulted her.

21. Defendant Alhakari was employed by or was otherwise an agent of Defendants Burton Transit and/or Burton Transit Nashville at the time of the sexual assault.

22. The vehicle utilized by Defendant Alhakari to commit the sexual assault was moreover owned by Defendants Burton Transit and leased to Burton Transit Nashville.

## Count I – Battery

### (Plaintiff v. All Defendants)

23. Plaintiff incorporates by reference her factual allegations set forth above.

24. Defendant Alhakari sexually assaulted Plaintiff on October 22, 2023.

25. Defendant Alhakari's actions constitute unpermitted, harmful, or offensive contact to Plaintiff's body.

26. Defendant Alhakari's actions were intentional.

27. As a direct and proximate result of Defendant Alhakari's conduct, Plaintiff sustained significant damages in the past, present and future, including reasonable and necessary expenses for medical care and other related expenses incurred in the past and those that will

probably be incurred in the future; past and future lost earnings/benefits and lost earning capacity; and pain and suffering, both mental and physical.

28. Defendant Alhakari acted maliciously, intentionally, or recklessly, thus entitling Plaintiff to an award of punitive damages to deter Defendant Alhakari and other from similar conduct.

29. At the time of the sexual assault, Defendant Alhakari was acting in the course and scope of his employment with Defendants Burton Transit and/or Burton Transit Nashville, and Plaintiff reasonably relied on his representation that he was acting within the course and scope of such employment.

30. Defendants Burton Transit and/or Burton Transit Nashville are therefore liable for the acts of Defendant Alhakari under a theory of respondeat superior, vicarious liability, or other similar theory.

31. To the extent judgment may not be entered against Defendant Burtin Transit Nashville on account of its administrative dissolution, Defendants Nelson Burton and Ashley Burton are the proper defendants to this claim pursuant to Tenn. Code. Ann. §§ 48-249-622 and/or 48-249-611, as they members of a limited liability company which has since been dissolved.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendants for a reasonable sum of damages in excess of $75,000 as will fairly and justly compensate her, for punitive damages in such sum as will serve to punish Defendants and deter Defendants and others from engaging in like conduct, together with interest and costs herein incurred, and for such other and further relief as the Court may deem just and proper under the circumstances.

### Count II – Negligent Hiring

### (Plaintiff v. Defendants Burton Transit, Burton Transit Nashville, Nelson Burton, and Ashley Burton)

32. Plaintiff incorporates by reference her factual allegations set forth above.

33. At the time of the sexual assault, Defendant Alhakari was acting in his capacity as an employee of Defendants Burton Transit and/or Burton Transit Nashville.

34. At all times relevant hereto, Defendants Burton Transit and/or Burton Transit Nashville owed Plaintiff a duty to use reasonable care in hiring its employees.

35. As Defendants Burton Transit and/or Burton Transit Nashville knew or should have known, Defendant Alhakari had dangerous tendencies and posed a threat to vulnerable women.

36. Defendant Defendants Burton Transit and/or Burton Transit Nashville breached this duty by failing to conduct a reasonable background check on Defendant Alhakari prior to hiring him as a driver.

37. Defendant Alhakari's prior charges and convictions are matters of public record and were readily available to Defendants Burton Transit and/or Burton Transit Nashville. Had Defendants Burton Transit and/or Burton Transit Nashville performed a reasonable background check, it would have learned that Defendant Alhakari had an extensive criminal history, including stalking, aggravated harassment, and other charges which involve substantially similar conduct to that which is alleged above.

38. As a direct and proximate result of Defendants Burton Transit and/or Burton Transit Nashville's failure to use reasonable care, Plaintiff sustained significant damages in the past, present and future, including reasonable and necessary expenses for medical care and other related

expenses incurred in the past and those that will probably be incurred in the future; past and future lost earnings/benefits and lost earning capacity; and pain and suffering, both mental and physical.

39. Defendants Burton Transit and/or Burton Transit Nashville acted maliciously, intentionally, or recklessly, thus entitling Plaintiff to an award of punitive damages to deter Defendants Burton Transit and/or Burton Transit Nashville and others from similar conduct.

40. To the extent judgment may not be entered against Defendant Burtin Transit Nashville on account of its administrative dissolution, Defendants Nelson Burton and Ashley Burton are the proper defendants to this claim pursuant to Tenn. Code. Ann. §§ 48-249-622 and/or 48-249-611, as they members of a limited liability company which has since been dissolved.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendants Burton Transit, Burton Transit Nashville, Nelson Burton, and Ashley Burton for a reasonable sum of damages in excess of $75,000 as will fairly and justly compensate her, for punitive damages in such sum as will serve to punish and deter Defendants Burton Transit, Burton Transit Nashville, Nelson Burton, and Ashley Burton and others from engaging in like conduct, together with interest and costs herein incurred, and for such other and further relief as the Court may deem just and proper under the circumstances.

## Count III – Negligent Entrustment

**(Plaintiff v. Defendants Burton Transit, Nelson Burton, and Ashley Burton)**

41. Plaintiff incorporates by reference her factual allegations set forth above.

42. At all times relevant hereto, Defendants Burton Transit and/or Burton Transit Nashville was the owner of the vehicle used by Defendant Alhakari.

43. Defendants Burton Transit and/or Burton Transit Nashville entrusted the vehicle to Defendant Alhakari.

44. At the time Defendants Burton Transit and/or Burton Transit Nashville entrusted the vehicle to Defendant Alhakari, Defendants Burton Transit and/or Burton Transit Nashville knew or should have known he was likely to use the vehicle in a manner which created an unreasonable risk of harm to others.

45. As a direct and proximate result of Defendants Burton Transit and/or Burton Transit Nashville's failure to use reasonable care, Plaintiff sustained significant damages in the past, present and future, including reasonable and necessary expenses for medical care and other related expenses incurred in the past and those that will probably be incurred in the future; past and future lost earnings/benefits and lost earning capacity; and pain and suffering, both mental and physical.

46. Defendants Burton Transit and/or Burton Transit Nashville acted maliciously, intentionally, or recklessly, thus entitling Plaintiff to an award of punitive damages to deter Defendant Burton Transit and others from similar conduct.

47. To the extent judgment may not be entered against Defendant Burtin Transit Nashville on account of its administrative dissolution, Defendants Nelson Burton and Ashley Burton are the proper defendants to this claim pursuant to Tenn. Code. Ann. §§ 48-249-622 and/or 48-249-611, as they members of a limited liability company which has since been dissolved.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendants Burton Transit, Burton Transit Nashville, Nelson Burton, and Ashley Burton for a reasonable sum of damages in excess of $75,000 as will fairly and justly compensate her, for punitive damages in such sum as will serve to punish and deter Defendants Burton Transit, Burton Transit Nashville, Nelson Burton, and Ashley Burton and others from engaging in like conduct, together with interest and costs herein incurred, and for such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**HUGHES & COLEMAN, PLLC**

**By:**
_____/s/ Eric W. Hayes_____
ERIC W. HAYES, TN Bar No. 020581
JONAKA WHITE HALL, TN Bar No. 027275
446 James Robertson Parkway, Suite 100
Nashville, Tennessee 37219
Phone: (615) 557-1120
Fax: (866) 782-8820
EHayes@HughesandColeman.com
JWhite-hall@HughesandColeman.com