IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JANE DOE, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>BURTON TRANSIT NASHVILLE, )<br>LLC et al. )<br>)<br>    Defendants. ) | Case No. 3:24-cv-00745 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR PROTECTIVE ORDER TO PROCEED UNDER PSEUDONYM**

COMES NOW Plaintiff, Jane Doe, by and through her attorneys, and for her Memorandum in Support of her Motion for Protective Order to Proceed Under Pseudonym states as follows:

### I. Introduction and Summary of Argument

Plaintiff was the victim of a sexual assault occurring on October 22, 2023 perpetrated by someone purporting to be her rideshare driver. After a night out, Plaintiff arranged to be picked up by a rideshare service and driver back to her home in Nashville. A black SUV pulled up to the curb in front of her, the driver said he was her rideshare driver, and she entered the vehicle.

Unbeknownst to Plaintiff, this person was not, in fact, the driver she had hired. It was rather Defendant Jamal Alhakari, who was employed by Defendants Burton Transit Nashville and/or Burton Transit—a private car service operating in Nashville and other areas. While using his company-owned vehicle and after holding himself out as Plaintiff's driver, Defendant Alhakari drugged and sexually assaulted Plaintiff.

Contemporaneously with the filing of her Motion for Protective Order to Proceed Under Pseudonym and this present Memorandum in Support, Plaintiff has filed a Complaint alleging

1

battery, negligent hiring, and negligent entrustment. Due to the stigma that is unfortunately associated with being a sexual assault victim—and to protect her identity in the event of future assault attempts by Defendant Alhakari—Plaintiff respectfully requests the Court permit her to proceed with this litigation under the pseudonym of Jane Doe.

## II. A protective order allowing Plaintiff to proceed under the pseudonym of Jane Doe is appropriate in this case

"Ordinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). As the District Court for the District of Columbia has noted, "courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014). District courts around the country have acknowledged this is because there is a "strong [public] interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *see*, *e.g.*, *Doe v. Rutgers*, No. 2:18-CV-12952-KM-CLW, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019), Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006), *Heineke v. Santa Clara Univ.*, No. 17-CV-05285-LHK, 2017 WL 6026248, at *23 (N.D. Cal. Dec. 5, 2017).

The Sixth Circuit Court of Appeals devised a non-exhaustive list of factors to aid in determining whether a pseudonym is appropriate. The "*Porter* factors," as they are known, include "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Doe v. Porter*,

370 F.3d 558, 560 (6th Cir. 2004). Other relevant factors include "whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021). These factors weigh in favor of permitting Plaintiff to proceed anonymously.

Plaintiff's Complaint raises allegations of an intensely personal nature. As set out in the Declaration of Jane Doe, attached hereto as Exhibit 1, the sexual assault perpetrated by Defendant Alhakari is the most traumatic and emotionally distressing event of her life. (Exhibit A, ¶ 11). The assault has caused Plaintiff to spiral into a deep depression, post-traumatic stress disorder, and insomnia. (*Id.* at ¶ 11). Despite the daily medications, the constant therapy, and the mental health hospitalizations, the lingering effects from the assault led Plaintiff to attempt to take her own life. (*Id.* at ¶ 11). Speaking out about the assault is excruciating for Plaintiff. She wants to be thought of as the vibrant, kind, enthusiastic woman she can get back to being, but when people hear her story, she fears her identity will instead become that of just another sexual assault victim. (*Id.* at ¶ 12). A public docket forever connecting her name with these events makes it just that much harder to move on from them. It will also deprive Plaintiff of the critical right to determine for herself to whom she discloses the details of the events alleged in her Complaint. (*Id.* at ¶ 13).

Beyond the need for protecting Plaintiff's privacy from the traumatic and stigmatic events alleged in her Complaint, the need to proceed pseudonymously extends to her fear for her personal safety. Defendant Alhakari attempted to force his way into her home shortly after the assault, and he even returned three days after the assault and sat in his car outside her home. (*Id.* at ¶¶ 8, 11). This was a huge factor in Plaintiff later uprooting her life and leaving the Nashville area to relocate elsewhere. (*Id.* at ¶ 15). Plaintiff fears that Defendant Alhakari may come after her again if he is

3

able to learn all her identifying information. (*Id*. at ¶ 16). Permitting her to proceed pseudonymously is the most effective way to alleviate these concerns without requiring her to forfeit her right to seek redress for her injuries.

### III. Conclusion

Given the intensely personal nature of the allegations alleged in her Complaint, it is necessary to protect Plaintiff's identity from public disclosure. Her Motion for Protective Order should therefore be granted and she should be permitted to proceed pseudonymously.

Respectfully submitted,

**HUGHES & COLEMAN, PLLC**

**By:**
____/s/ Eric W. Hayes_____
ERIC W. HAYES, TN Bar No. 020581
JONAKA WHITE HALL, TN Bar No. 027275
446 James Robertson Parkway, Suite 100
Nashville, Tennessee 37219
Phone: (615) 557-1120
Fax: (866) 782-8820
EHayes@HughesandColeman.com
JWhite-hall@HughesandColeman.com

4