IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JANE DOE ) | |
| ) | Case No. 3:24-cv-00745 |
| v. ) | Judge Crenshaw |
| ) | Magistrate Judge Holmes |
| JAMAL ALHAKARI *et al.* ) | |

O R D E R

Pending before the Court is Plaintiff's "Motion for Alternative Service, to Extend Time for Service, and to Reschedule the Initial Case Management Conference" (Docket No. 14), which, for the following reasons, is **GRANTED IN PART** as provided for below.

In her complaint filed on June 18, 2024, Plaintiff alleges that she attempted to use a ride-share service on October 22, 2023 in Nashville, Tennessee, and that Defendant Jamal Alhakari arrived in a vehicle and indicated that he was Plaintiff's ride-share driver. (*Id.* at ¶¶ 18–19.) However, Plaintiff alleges that, after getting into the vehicle, Defendant Alhakari "drugged and sexually assaulted her." (*Id.* at ¶ 20.) She asserts that Defendant Alhakari was employed by or was otherwise an agent of Defendants Burton Transit and Burton Transit Nashville, and that the vehicle was owned by Defendant Burton Transit and leased to Defendant Burton Transit Nashville. (*Id.* at ¶¶ 21–22.) Plaintiff alleges that Defendant Nelson Burton, Jr. and Defendant Ashley Burton are members of Defendant Burton Transit Nashville. (*Id.* at ¶¶ 9, 11.)

Plaintiff raises three claims in her complaint: (1) battery against all five defendants; (2) negligent hiring against Defendants Burton Transit, Burton Transit Nashville, Nelson Burton, Jr., and Ashley Burton; and (3) negligent entrustment against Defendants Burton Transit, Nelson Burton, Jr., and Ashley Burton. (*Id.* at ¶¶ 23–47.)

On July 3, 2024, the Clerk of Court issued summonses for all five defendants. (Docket No. 12.) However, as of August 27, 2024, Plaintiff had not filed any returns of service indicating whether any Defendants had been served with process. Accordingly, the Court entered an order directing Plaintiff to file either (i) returns of service, or (ii) a motion to reset the initial case management conference scheduled for September 17, 2024, which would include the status of service of process. (Docket No. 13.)

In compliance with the Court's order, Plaintiff filed the present motion in which she indicates that she has made multiple attempts to effectuate service or otherwise locate Defendants, but none have been successful. (Docket No. 14.) Accordingly, in her motion, Plaintiff asks the Court to grant three separate forms of relief: (1) permit her to serve Defendants Burton Transit Nashville, LLC, Burton Transit, LLC, Ashley Burton, and Nelson Burton, Jr. via certified mail to a particular address; (2) extend the 90-day limitation provided in Rule 4(m) for obtaining service; and (3) reset the initial case management conference. (*Id.*)

The Court denies Plaintiff's first request to approve an alternative method of service, but without prejudice to refiling. Plaintiff has not presented the Court with sufficient evidence of her or her counsel's attempts to serve the Defendants. Although Plaintiff has described the steps that she has taken to serve the Defendants in her motion and memorandum in support, Plaintiff has not provided a declaration or affidavit to support these assertions. Perhaps more importantly, Plaintiff has not presented the Court with any applicable or relevant case law to show that the Court may deviate from the service methods prescribed by Rule 4 of the Federal Rules of Civil Procedure. Although the Court recognizes the practical difficulty in obtaining service upon defendants who may be avoiding – or worse, evading – service of process, without more compelling factual

evidence and legal authority, the Court does not find it appropriate to permit Plaintiff to engage in alternative service methods.

However, the Court grants Plaintiff's second and third requests. Rule 4(m) states that if a defendant is not served with a complaint within 90 days after it is filed, a court must "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if the plaintiff shows "good cause" for its failure to serve the defendant within the time limit, the court "must" extend the time for service for an "appropriate period." Accordingly, the court has discretion to permit late service, even absent a showing of good cause. *Stewart v. Tenn. Valley Authority*, No. 99–5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

The Court finds that good cause exists for extension of the time for service of process. Plaintiff has made several attempts and continues to do so. Accordingly, the Court will extend the time for service by an additional ninety (90) days and **ORDERS** that the deadline for Plaintiff to serve the Defendants with process is extended to **December 16, 2024**.[1] This extended deadline should allow ample additional time for service given the difficulties that Plaintiff has encountered when attempting to serve the Defendants. Nevertheless, Plaintiff and her counsel are cautioned that failure to serve the Defendants by this date may result in dismissal of this case under Fed. R. Civ. P. 4(m). Further, Plaintiff must, promptly upon service of process on the Defendants, file returns of service in accordance with Fed. R. Civ. P. 4(l).

In addition, because of the extended time for service of process, the time for Defendants to answer or otherwise respond to the complaint will fall after the date of the initial case management

---

[1] The Court notes that Plaintiff did not mention her attempts to serve Defendant Alhakari. Despite this failure, the Court will nevertheless extend the deadline for Plaintiff to serve all five Defendants, including Defendant Alhakari.

conference, which is presently set for September 17, 2024. To allow time for Defendants to respond to the complaint, the initial case management conference is **RESCHEDULED** for **January 23, 2025, at 2:00 p.m. (CST)**[2] using the Court's conference line at 1-877-402-9753, access code 3808663#. Plaintiff's counsel is responsible for serving a copy of this Order on Defendants or their counsel or otherwise notifying Defendants or their counsel of the date and time of the rescheduled initial case management conference.

Counsel are reminded of their obligation to jointly prepare and file a proposed initial case management order by no later than **three (3) business days** before the initial case management conference, a Word formatted copy of which must also be separately emailed to Courtroom Deputy Megan Cobos at the email address in n.1.[3]

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] If this date and time present an unresolvable conflict, counsel must promptly contact Megan Cobos, Courtroom Deputy, at Megan_Cobos@tnmd.uscourts.gov, to obtain another mutually agreeable date and time available on the Court's calendar and then file a motion to reschedule. Further, this rescheduled date and time is subject to further developments. Specifically, either party may request or the Court may reset the initial case management conference for an earlier date, depending on timing of service of process.

[3] Counsel should utilize the form initial case management order found under the link to Magistrate Judge Holmes on the Court's website with designated provisions for Judge Crenshaw's cases.