## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **JANE DOE** | ) | |
| | ) | **Case No. 3:24-cv-00745** |
| **v.** | ) | **Judge Crenshaw** |
| | ) | **Magistrate Judge Holmes** |
| **JAMAL ALHAKARI** *et al.* | ) | |

### O R D E R

Pending before the Court is Plaintiff's "Motion for Protective Order to Proceed Under Pseudonym" (Docket No. 6), to which Defendants Burton Transit Nashville, LLC, Burton Transit, LLC, Nelson Burton, Jr., and Ashley Burton (the "Burton Defendants") responded in opposition (Docket No. 33). For the reasons detailed below, the motion (Docket No. 6) is **GRANTED IN PART**.

### I.      BACKGROUND

In her complaint filed on June 18, 2024, Plaintiff alleges that she attempted to use a ride-share service on October 22, 2023 in Nashville, Tennessee, and that Defendant Jamal Alhakari arrived in a vehicle and indicated that he was Plaintiff's ride-share driver. (*Id.* at ¶¶ 18–19.) However, after getting into the vehicle, Plaintiff alleges that Defendant Alhakari "drugged and sexually assaulted her." (*Id.* at ¶ 20.) She asserts that Defendant Alhakari was employed by or was otherwise an agent of Defendants Burton Transit and Burton Transit Nashville, and that the vehicle was owned by Defendant Burton Transit and leased to Defendant Burton Transit Nashville. (*Id.* at ¶¶ 21–22.) Plaintiff alleges that Defendant Nelson Burton, Jr. and Defendant Ashley Burton are members of Defendant Burton Transit Nashville. (*Id.* at ¶¶ 9, 11.)

Plaintiff asserts three claims in her complaint: (1) battery against all five defendants; (2) negligent hiring against the Burton Defendants; and (3) negligent entrustment against Defendants

Burton Transit, Nelson Burton, Jr., and Ashley Burton. (*Id.* at ¶¶ 23–47.) On January 20, 2025, Plaintiff filed a dismissal without prejudice as to Defendant Alhakari. (Docket No. 32.) Accordingly, the Court dismissed Plaintiff's claims against Defendant Alhakari. (Docket No. 36.)

Shortly after filing her complaint, Plaintiff filed the instant motion to proceed under the pseudonym "Jane Doe." (Docket No. 6.) In the motion, she argues that it would be appropriate for her to proceed under a pseudonym because her allegations concern a sexual assault, which is a highly sensitive and personal subject. She also states that she fears for her personal safety. In support of her motion, she filed a proposed protective order (Docket No. 6-1), memorandum of law (Docket No. 6-2), and redacted affidavit (Docket No. 6-3).

After counsel entered an appearance for the Burton Defendants, the Court ordered the Burton Defendants to file a response to the motion. (Docket No. 25.) In their response, the Burton Defendants generally do not object to Plaintiff's use of a pseudonym in public filings. (Docket No. 33.) However, they state that they are not aware of Plaintiff's identity, and therefore are unable to proceed with litigation. Accordingly, they ask the Court to "take reasonable measures to protect [the Burton Defendants'] right to mount a defense and conduct a full range of discovery to minimize any prejudice the Burton Defendants may suffer due to Plaintiff's use of a pseudonym." (*Id.* at 3.)

## II. LEGAL STANDARDS AND ANALYSIS

Although the Burton Defendants generally do not oppose Plaintiff's request to use a pseudonym, the Court finds it appropriate to analyze this issue given that "proceeding pseudonymously is the exception, rather than the rule." *Doe v. Franklin County, Ohio*, No. 2:13-

cv-00503, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013) (citation omitted).[1] Typically, a complaint must state the names of the parties, and an action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 10(a), 17(a)(1). However, "under certain circumstances that justify an exception," a plaintiff is permitted to proceed under a pseudonym. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. R. Civ. P. 10(a)). Whether to allow a party to proceed under a pseudonym is within the sound discretion of the court, but should be permitted only if the privacy interests of the party seeking anonymity substantially outweigh the strong presumption in favor of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

> This determination is informed by several, non-exclusive considerations, including:
>
> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). A plaintiff does not have to fulfill every *Porter* factor to be allowed to proceed under a pseudonym, and no one *Porter* factor is dispositive in the outcome of such a decision. *Doe #11 v. Lee*, No. 3:22-cv-00338, 2023 WL 19299996, at *3 (M.D. Tenn. Feb. 10, 2023) (citing *Doe v. Whitmer*, No. 1:19-cv-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019) ("No one factor is dispositive.")). However, "[o]ther factors that may be considered include whether the plaintiff would risk suffering injury if identified

---

[1] Other circuits have found it improper to grant an unopposed motion to litigate anonymously without an accompanying explanation. *See Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dept. of Educ.*, No, 2:16-CV-524, 2016 WL 4269080, *5 (S.D. Ohio Aug. 15, 2016) (citing *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005); *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997)). Accordingly, this Court has additional reason to analyze Plaintiff's request to proceed pseudonymously even though the request is not opposed.

and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Doe v. Fedex Ground Package Sys., Inc.*, Case No. 3:21-cv-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (internal citations omitted).

The only applicable *Porter* factor that Plaintiff discussed is the second. Under this factor, the Court must examine whether this lawsuit forces Plaintiff to reveal particularly sensitive information. Plaintiff asserts that the underlying events at issue in this litigation – a sexual assault that she experienced – was traumatic, emotionally distressing, and damaging to her mental and physical health. There can be little dispute that this lawsuit will involve information related to the alleged sexual assault, which is a sensitive topic. Other courts have found pseudonymity appropriate when the lawsuit dealt with this type of issue. *See, e.g.*, *Fedex Ground Package Sys., Inc.*, 2021 WL 5041286 at *5 (finding that matters of sexual assault are "highly sensitive and personal subjects" and accepting pseudonymity for plaintiff who alleged rape). Based on these circumstances, the Court finds that the second *Porter* factor supports granting Plaintiff's request.

As for the first, third, and fourth *Porter* factors, the Court finds that these do not weigh in favor of Plaintiff's request for pseudonymity. Plaintiff does not allege that she has challenged governmental activity, that she will be compelled to disclose an intention to violate the law, or that she is a minor. Nevertheless, the Court finds that the *Porter* factors taken as a whole favor permitting Plaintiff to proceed under a pseudonym. Further, a consideration of public policy concerns also supports Plaintiff's use of a pseudonym. The Court finds that the usual public interest in knowing the identities of litigants is outweighed by the public interest in having this lawsuit move forward without fear of harm to Plaintiff. Further, the Burton Defendants consent to Plaintiff's use of a pseudonym as long as an appropriate order is in place to prevent them from suffering prejudice.

In sun, after considering both the *Porter* factors and public policy concerns, as well as the Burton Defendants' lack of opposition to Plaintiff's request to proceed pseudonymously, the Court finds that Plaintiff's privacy interests substantially outweigh the strong presumption in favor of open judicial proceedings, *Porter*, 370 F.3d at 560, all of which warrants permitting Plaintiff to proceed under a pseudonym. However, Plaintiff must file under seal an unredacted complaint and unredacted copies of any documents filed under seal or with redactions.

Further, Plaintiff must provide her identity and other identifying information to counsel for Defendants Burton Transit Nashville, LLC and Burton Transit, LLC, so that Defendants may proceed with discovery and other preparation of this case. Defendants cannot disclose this information to Jamal Alhakari or any third-party without Plaintiff's written consent or order of the Court. Defendants shall not submit any filing that would allow the public to view or identify Plaintiff's given name or any of her personally identifying information without seeking to make such filing under seal in accordance with Local Rule 5.03. Nor shall any other party to this action submit any filing that includes Plaintiff's given name or any of her personally identifying information without seeking to make such filing under seal in accordance with Local Rule 5.03.

Finally, in support of her motion, Plaintiff filed a proposed protective order. (Docket No. 6-1.) It is not clear to the Court if the Burton Defendants find the terms of the proposed protective order to be acceptable, or if the Burton Defendants believe that revisions should be made to address the concerns set forth in their response. Further, the Court is not convinced that a separate protective order is necessary, given the directives of this Order and the dismissal of Defendant Alkahari from this action. Nevertheless, as detailed below, the Court will direct the parties to meet and confer over the terms of the proposed protective order and, if necessary, file a joint motion for entry of a protective order.

### III. CONCLUSION

For these reasons, Plaintiff's motion (Docket No. 6) is **GRANTED IN PART** with respect to Plaintiff's request to proceed pseudonymously and Plaintiff is permitted to proceed by pseudonym, on the following conditions:

1.      Plaintiff must, by no later than **February 21, 2025**, file under seal an unredacted complaint and unredacted copies of any documents filed under seal or with redactions. Plaintiff is not required to file a separate motion to seal and may simply file the unredacted under seal with a separate notice of filing that references this Order.

2.      Plaintiff must promptly provide her identity and other identifying information to counsel for Defendants Burton Transit Nashville, LLC and Burton Transit, LLC, so that Defendants may proceed with discovery and other preparation of this case.

3.      Defendants Burton Transit Nashville, LLC and Burton Transit, LLC cannot disclose Plaintiff's identity or other identifying information to Jamal Alhakari or any third-party without Plaintiff's written consent or order of the Court.

4.      Defendants shall not submit any filing that would allow the public to view or identify Plaintiff's given name or any of her personally identifying information without seeking to make such filing under seal in accordance with Local Rule 5.03.

5.      No other party to this action shall submit any filing that includes Plaintiff's given name or any of her personally identifying information without seeking to make such filing under seal in accordance with Local Rule 5.03.

As to Plaintiff's request for a protective order, the parties are directed as follows:

1.     Lead counsel for the parties must meet and confer over the terms of Plaintiff's proposed protective order (Docket No. 6-1) by no later than **February 19, 2025**.

2.     The parties must, by no later than **February 21, 2025**, file either (i) a joint motion for entry of a proposed agreed protective order as to all terms or (ii) a joint motion for entry of a proposed partial protective order that includes agreed-upon terms, but clearly sets forth which terms are not agreed upon and sets forth each party's proposed term and reasoning. Either joint motion must be accompanied by a proposed agreed protective order, appended as an exhibit and a in a Word formatted copy of which must also be emailed to Courtroom Deputy Megan Cobos, at megan_cobos@tnmd.uscourts.gov.

3.     Absent a filing as directed above, the Court will take no further action with respect to Plaintiff's request for entry of a separate protective order.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge