IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **JANE DOE** ) | |
| ) | Case No. 3:24-cv-00745 |
| v. ) | Judge Crenshaw |
| ) | Magistrate Judge Holmes |
| **BURTON TRANSIT NASHVILLE, LLC** *et al.* ) | |

**O R D E R**

Pending before the Court is Plaintiff Jane Doe's motion to amend the case management order (Docket No. 78), which is represented to be unopposed. For the reasons detailed below, the motion (Docket No. 78) is **DENIED WITHOUT PREJUDICE**.

In her motion, Plaintiff asks the Court to enter a proposed case management order that is attached to the motion, which includes enlarged case management deadlines and a new trial date, because the stay that was imposed on June 20, 2025 has been lifted. (Docket No. 78-1.) In other words, Plaintiff seeks to modify both the case management schedule and the trial date. While modifications of the case management schedule are within the purview of the Magistrate Judge, continuance of the trial is a request that must be directed to the District Judge in a motion filed separately from any motion to modify the case management order. Accordingly, the undersigned will not rule on Plaintiff's request to amend case management deadlines until Judge Crenshaw has decided whether the August 4, 2026 trial date will be continued.

In addition, the Court is not clear on the parties' reasoning behind some of the proposed deadlines. For example, the parties proposed to extend the deadline to exchange initial disclosure from March 14, 2025 to January 10, 2025. (Docket No. 78-1 at 2.) As an initial matter, the deadline of January 10, 2025 has already passed. Even if this is a typographical error, the deadline of January 10, 2026 has also already passed. Further, the parties do not explain why this deadline would need

to be extended. This case was not stayed until June 20, 2025. In other words, the original deadline of March 14, 2025 to exchange initial disclosures came and went prior to the stay. At this juncture, the Court sees no reason to extend the deadline to exchange initial disclosures. The parties should pay closer attention to their proposed deadlines and provide the Court with reasoning if the proposed extension requires explanation.

Further, the parties do not provide enough time between their proposed deadline to file dispositive motions on March 15, 2027 and their proposed trial date on June 21, 2027. As set forth in the initial case management order, dispositive motion briefing must conclude no later than 120 days in advance of the trial date. (Docket No. 44 at ¶ M.) Dispositive motion briefing that began on March 15, 2027 would end on April 26, 2027 and would, therefore, require a trial date of no earlier than August 24, 2027. The parties should keep this 120 day requirement in mind when they move the Court to extend the trial date and then move the Court once again to extend case management deadlines.

Finally, in the motion, Plaintiff did not include "the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion" as required in the initial case management order. (Docket No. 44 at ¶ M.) Instead, Plaintiff filed a proposed modified case management order, but did not include any original deadlines. Accordingly, when the parties file a new motion to extend case management deadlines, they must include both the current deadlines and the proposed modified deadlines in their filing.

It is SO ORDERED.

Signed By:
*J. Gregory Wehrman*
**United States Magistrate Judge**

2

Case 3:24-cv-00745    Document 79    Filed 01/14/26    Page 2 of 2 PageID #: 455