IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JANE DOE | ) |
| | ) Case No. 3:24-cv-00745 |
| v. | ) Judge Crenshaw |
| | ) Magistrate Judge Holmes |
| BURTON TRANSIT NASHVILLE, LLC *et al.* | ) |

**ORDER AND FIRST MODIFIED CASE MANAGEMENT ORDER**

Pending before the Court is the parties' Joint Motion to Amend the Case Management Order (Docket No. 83), which, for the reasons discussed and as provided for below, is **GRANTED IN PART AND OTHERWISE DENIED**. After consultation with Judge Crenshaw, the parties' Joint Motion to Continue Trial Date (Docket No. 84) is **DENIED**.

A bit of background is necessary for the entire context of the parties' joint motions. This is a personal injury action in which Plaintiff alleges that she was sexually assaulted by a rideshare driver. The case was commenced with filing of a complaint some 20 months ago on June 18, 2024. (Docket No. 1.) After initially fitful attempts at service of process, *see* Docket Nos. 13, 14, 16, Defendants were served and appearances entered by counsel on February 14, 2025. (Docket No. 40.) In the interim, Plaintiff voluntarily dismissed Defendant Jamal Alhakari.[1] (Docket Nos. 35, 36.)

An Initial Case Management Order was entered on March 6, 2025, which set case management deadlines, including for fact and expert discovery and dispositive motions. (Docket No. 44.) An order setting trial for August 4, 2026 was entered on March 11, 2025. (Docket No. 45.) On March 28, 2025, Plaintiff filed a first amended complaint (Docket No. 49), with leave of court (Docket No. 48).

---

[1] Alhakari was the driver of the rideshare vehicle who allegedly sexually assaulted Plaintiff.

By order entered on June 20, 2025 (Docket No. 56), the Court granted Plaintiff's Unopposed Motion for Stay of Proceedings (Docket No. 53) because of the pendency of a declaratory judgment action brought by Defendants' insurance carrier in the United States District Court for the Eastern District of Louisiana. (*Id*. at 2.) On November 18, 2025 (Docket No. 57) and again on November 20, 2025 (Docket No. 60), Plaintiff moved to lift the stay (Docket No. 57) due to dismissal of the declaratory judgment action in Louisiana. After a response in opposition by Defendants (Docket Nos. 59, 62), the Court reopened the case by order entered on December 3, 2025. (Docket No. 65.) According to a status report filed on January 12, 2026 (Docket No. 77), upon the Court's direction (Docket No. 67), the parties have not yet completed depositions (and perhaps not written discovery), although the deposition of Jamal Akhakari was apparently taken on or about February 3, 2026. (Docket No. 77 at 1.)

Despite the volume of filings in this case, and contrary to the clear instructions of the Initial Case Management Order (Docket No. 44 at ¶ M), the parties have provided the Court with very few details of their specific efforts to meet original deadlines, such as, for example, dates of exchange of written discovery and responses and timing of scheduling of depositions. During the initial case management conference, the Court expressly reminded counsel of the requirement to proceed promptly with written discovery and scheduling depositions, which was also directed by the Initial Case Management Order entered on March 6, 2025. (*Id*. at ¶ G.) Yet, it appears that, for the three months following the initial case management conference prior to the request to stay this case, little was done to further discovery or create a deposition schedule. Although the case was stayed for approximately five months, from June 20 until December 6, 2025, it does not appear that the parties have given much attention to moving this case forward since the stay was lifted.

In early December 2025, the parties were alerted to the potential necessity to modify case management deadlines. (Docket No. 66 at n.1.) The parties construed this alert as an invitation by the Court. Despite the parties' treatment of this language as an invitation, they were tardy in their RSVP. They waited some six weeks to move to modify the case management schedule, *see* Motion at Docket No. 78, during which time they made some effort to proceed with discovery, *see* Docket No. 77 at 1-2, specifically, by scheduling of Alhakari's deposition and a discovery conference on December 23, 2025. But in their refiled motion to modify the case management schedule, on February 12, 2026 (Docket No. 83), the parties provided no current details of the status of discovery or other management of this case, as required to demonstrate good cause. *See* Initial Case Management Order (Docket No. 44) at ¶ M. Further, rather than proceed promptly to getting this case back on track for preparation for trial, Plaintiff elected instead to file a motion for partial summary judgment without first seeking leave of court, contrary to the express restrictions in the Initial Case Management Order. (*Id.* at ¶ K.)

In sum, the current status of this case is largely of the parties' own making. Either by their tardiness or lack of compliance with the Court's procedures and orders. There were months prior to the stay of the case in which they were required to move forward with discovery, and months since the case was reopened when they could have resumed discovery. That they did not do so was at their own peril. The Court is not inclined to reward the parties' lack of attention to this case.

Nevertheless, because various case management deadlines expired during the period in which this case was stayed, the Court finds it necessary, for that reason alone, to modify the case management scheduled. Accordingly, the case management schedule and plan is modified as follows:

1.      DISCOVERY.   The parties must complete all written discovery and fact witness depositions by no later than **April 1, 2026**.  All unresolvable discovery disputes must be brought to the Court's attention in accordance with the discovery dispute procedures in effect in this case by no later than **March 25, 2026**.  All discovery disputes must be resolved in accordance with the discovery dispute resolution procedures already in effect in this case and the following additional instructions. Requests for resolution of discovery disputes for which the parties have not complied with the mandatory discovery dispute resolution procedures will not be considered. The only exception is if a party or its attorney has completely failed to participate in efforts at resolution. If a party or its attorney is uncooperative in efforts at dispute resolution, the party attempting to resolve the dispute may file a discovery dispute statement that recites the efforts made to obtain the other party's cooperation. Absent good cause shown, failure to cooperate in attempts at resolution of a discovery dispute may result in sanctions.

The in-person **lead** attorney meeting required before bringing a discovery dispute to the Court's attention for resolution is mandatory. A video conference or other electronic or telephonic meeting cannot be substituted for the mandatory in-person meeting. In other words, the lead lawyers must be in the same room, at the same time, attempting to resolve the discovery dispute. The in-person meeting is, however, the last required attempt at resolution. Prior to meeting in person, counsel for the parties may exchange emails or other correspondence. They can, and should, also talk directly to each other to attempt resolution of the discovery dispute.  If all these efforts and means fail, lead counsel must then meet in person in a final attempt at resolution of the dispute before filing a joint discovery dispute statement and joint motion for a discovery conference and must certify in the joint discovery dispute statement that the mandatory in-person attorney meeting was held.

The page limits for joint discovery dispute statements are strictly enforced. Any pages more than the 3-pages per affected party per issue limit will not be considered. If the same issue applies to more than one contested discovery request or response, that issue must be addressed in 3 pages. If more than 3 pages are submitted, the arguments made by the party exceeding the page limit must demonstrate that the issue is analyzed differently for the different discovery requests or responses.

The parties must make their best legal and factual arguments in the allowed pages. In other words, they should not presume that they will be given an opportunity to file a separate motion to compel or motion for a protective order. Parties who fail to make their factual and legal arguments in the joint discovery statement may well have squandered their only opportunity to present those arguments. Further, parties should not waste their limited allowed pages by arguing why they should win on the underlying merits of the case or with hyperbolic or rhetorical statements of their opinion of the opposing party or parties. Legal arguments must be based on cases involving issues of discoverability, of which there is an abundant universe. Relying on cases involving other issues, such as admissibility of evidence for trial purposes or summary judgment purposes, will not likely be a productive use of the allowed pages.

The preferred format of a joint discovery dispute statement is: (i) first paragraph details the parties' efforts at resolution, including confirmation that the mandatory in-person attorney meeting was held; (ii) followed by a short and plain statement of the first issue and reference to the specific discovery requests and/or responses to which the issue applies; (iii) followed by each party's position with supporting facts and legal authority in three (3) pages or less; and, (iv) the same for each additional issue.

Disputed discovery requests and responses, which the Court needs to see to resolve the dispute, may be cut and pasted into the joint discovery dispute statement, or, if too lengthy, may

be appended as exhibits or filed separately. If the responses include both the discovery request followed by the response, it is unnecessary for the parties to also provide the original, unanswered requests. Any other documents the parties intend for the Court to review, such as declaration of a records custodian if proportionality is an issue or produced documents, may also be appended as exhibits or filed separately.

2. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS. The parties must participate in mandatory mediation, which must be concluded by no later than **April 30, 2026**.[2] Promptly upon selection of a mediator and scheduling of mediation, and by no later than **March 20, 2026**, the parties must file a joint notice of mediation details, which confirms their selection and identity of the selected mediator and the date on which mediation is scheduled. A report of mediation, which will constitute the second required case resolution status report, must be filed in accordance with Local Rule 16.05(b) and by no later than **two (2) business days following mediation**. All other details and provisions of the case resolution plan remain unchanged.

3. EXPERT DISCLOSURES AND REPORTS. Plaintiff must disclose all experts and expert reports by no later than **March 20, 2026**. Defendants must disclose all experts and reports by no later than **April 17, 2026**. Expert depositions must be completed by no later than **May 15, 2026**. When retaining their respective experts, the parties must confirm the experts' availability within this schedule, as the unavailability of an expert will not constitute good cause for an extension of these deadlines. All other provisions for expert disclosures and depositions, including restrictions on number of experts and rebuttal experts, remain unchanged.

---

[2] The parties' attention is directed to the April 15 2026 deadline for filing motions for summary judgment. The April 30 deadline for mediation allows time after completion of discovery before mediation. Nevertheless, the parties may be well served to participate in mediation before incurring the expense of filing of summary judgment motions.

4. DISPOSITIVE MOTIONS. All dispositive motions must be filed by no later than April 15, 2026. Responses to dispositive motions must be filed **within fourteen (14) days** of the filing of the motion. Briefs or memoranda of law in support of or in support of a dispositive motion shall not exceed 25 pages. Optional replies, which shall not exceed 5 pages, may be filed **within seven (7) days** of the filing of the response. Before filing or responding to a summary judgment motion, attorneys are required to read and follow Local Rule 56.01 generally and specifically Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and response to ensure that each is a concise, focused, and non-argumentative statement of facts (not opinions, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record. All other provisions for dispositive motions remain unchanged.

5. OTHER CASE MANAGEMENT DEADLINES AND PROVISIONS. All other case management deadlines and provisions found in prior orders and not modified herein remain in full force and effect.

6. FURTHER MODIFICATION OF CASE MANAGEMENT SCHEDULE. Given the current trial date, no further modification of this case management schedule will be permitted.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge